UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHILDREN'S HOSPITAL CORP.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KINDERCARE LEARNING CENTERS, INC., BLUE CROSS BLUE SHIELD OF MASSACHUSETTS, INC., and REGENCE BLUE CROSS BLUE SHIELD OF OREGON,<br><br>　　　　Defendants | Civ. A. No. 04-11676-PBS |

**PLAINTIFF'S SECOND MEMORANDUM IN SUPPORT OF ITS
MOTION TO REMAND**

In its Memorandum in Support of Plaintiff's Motion to Remand, the plaintiff ("Children's Hospital") confirmed that it was not suing on the basis of any assignment by Jane Doe or Baby Girl D. That remains the fact. The Memorandum also stated that no such assignment exists. That statement requires clarification.[1] In a typical inpatient admission, Children's Hospital does indeed seek to obtain an assignment of benefits from the patient. It did not obtain such an assignment here. However, in the course of a further and recent document review, Children's Hospital has discovered that it did obtain an assignment from Jane Doe in connection with her application for "free care," which was executed on December 17, 2003. The assignment reads:

> If I am seeking Free Care because of an accident or other incident, and I receive money because of that accident or incident from any sources, such as workers' compensation or an insurance carrier, I will repay the hospital or community health center for any medical services paid by the Free Care Pool. I give this hospital or community health center the right to collect payments from insurers for medical care as appropriate.[2]

---

[1] On August 17, counsel for Blue Cross Blue Shield of Massachusetts requested that plaintiff's counsel confirm the non-existence of an assignment.

[2] A copy of this assignment has been separately provided to counsel of record.

The existence of the Free Care assignment or any assignment is entirely academic for the simple reason that Children's Hospital is not suing on the basis of any such assignment. Rather, Children's Hospital is suing on its own account as a provider that was systematically misled by the defendants, which made multiple representations of coverage that apparently did not exist.

If there were effective coverage in place for the Hospital's services, this case would not have been filed. Indeed, it is the defendants' refusal to pay on the grounds that there is no coverage that conclusively eliminates any justification for invoking ERISA. The purpose of the complete preemption doctrine is to prevent a member or beneficiary of a health plan from doing an end run around ERISA § 502. Children's Hospital is not suing these defendants derivatively on behalf of Jane Doe or her child. The Hospital's claim is based exclusively on duties owed to it as result of representations which these defendants made directly to it. No assignment is at play and none is necessary to assert the claims contained in this Complaint.

For the foregoing reasons, and the reasons set out in the Plaintiff's Memorandum in Support of its Motion to Remand, the Court should remand this case to the Suffolk County Superior Court.

Respectfully submitted,

CHILDREN'S HOSPITAL CORP.

By its attorneys:

/s/ Theodore J. Folkman
John D. Hanify (BBO No. 219880)
Theodore J. Folkman (BBO No. 647642)
HANIFY & KING, P.C.
One Beacon Street
Boston, Mass. 02108
(617) 423-0400

Dated: August 24, 2004
412835