UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHILDREN'S HOSPITAL CORP., <br><br> Plaintiff, <br><br> vs. <br><br> KINDERCARE LEARNING CENTERS, INC., BLUE CROSS BLUE SHIELD OF MASSACHUSETTS, INC., and REGENCE BLUE CROSS BLUE SHIELD OF OREGON, <br><br> Defendants | Civ. A. No. 04-11676-PBS |

**STIPULATION AND ORDER GOVERNING THE PRODUCTION AND
DISCLOSURE OF CONFIDENTIAL INFORMATION**

The plaintiff in this action ("the Action"), Children's Hospital Corp., has sought to obtain documents in pre-trial discovery from the defendants. The defendants have taken the position that certain documents the plaintiff has sought, namely the Blue Card Manual (a portion of which was introduced as Exhibit 2 in the Deposition of Blue Cross Blue Shield of Massachusetts, Inc.), one or more insurance policies responsive to the plaintiff's  request for the production of documents to Kindercare Learning Centers, Inc., and the Data Definitions Manual for ITS are confidential and proprietary ("Confidential Documents").  The parties wish to facilitate production of these documents to the plaintiff and to protect their confidentiality.

Accordingly, IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Parties that the following procedures shall govern the production and use of the Confidential Documents or testimony respecting the same in the Action:

1.	The Confidential Documents shall be kept in the offices of in-house counsel to a Party, counsel of record in the Action, or experts retained by counsel of record.  The Confidential

Documents shall be used by the receiving Party solely for the purposes of preparing for and conducting the Action, and not for any other purpose, and only as provided in this Stipulation and Order.

2.      Additional parties, their counsel and experts appearing in the Action after the date hereof may join in this Stipulation and Order and have access to the Confidential Documents by executing a copy of this Stipulation, thus signifying their agreement to be bound by the provisions hereof.

3.      The Confidential Documents or testimony respecting such documents shall not be disclosed in any manner to any person or entity except the following:

(a)      Outside counsel of record in the Action who have signed this Stipulation, attorneys regularly employed by such counsel, and clerical, paralegal and secretarial staff employed by such counsel who need to review such information in connection with the Action;

(b)      The Court in the manner provided by Paragraph 8 below;

(c)      Officers, directors, trustees, partners, principals or employees of a Party assisting in the evaluation, prosecution or defense of the Action, provided that such persons are first given a copy of this Stipulation and execute the certificate annexed hereto, which certificate shall be retained by outside counsel for such Party;

(d)      Consultants or experts or their staff assisting a Party in the evaluation, prosecution, or defense of the Action, provided that all such persons are first given a copy of this Stipulation and execute the certificate annexed hereto, which certificate shall be retained by outside counsel for such party employing such consultant or expert; and

(e)      Court reporters or stenographers employed in connection with the Action.

(f)      Deponents in the manner provided by paragraph 4.

4.    The Confidential Documents may be used in connection with a deposition of any person, whether or not the deponent is an officer or an employee of a Party, provided that:

(a)    Prior to the disclosure of the Confidential Documents, the deponent and counsel for the deponent, if not otherwise bound by this Stipulation, shall be shown a copy of this Stipulation, and requested to sign the certificate attached hereto.  In the event of refusal of the deponent and/or his counsel to execute such certificate, the Parties shall promptly apply for and attempt to secure such orders and directions as are consistent with this Stipulation prior to disclosing Confidential Documents to the deponent.

(b)    In the event that the Confidential Documents are to be utilized or referred to during a deposition, then only counsel for the Parties and those persons who are included within the terms of this Stipulation pursuant to Paragraph 3(a), (c), (d), and (e) above may be present. In addition, any deposition testimony concerning the Confidential Documents will be designated "confidential" by the stenographer, and the provisions of this agreement shall apply to the portions of transcripts containing such designation as though they were Confidential Documents. Nothing contained herein, however, shall impair a Party's right to seek to limit the number of persons present at a deposition in accordance with the Federal Rules of Civil Procedure and any other applicable procedural rules.

5.    If any Party intends to file memoranda, documents, transcripts of depositions, answers to interrogatories, responses to requests for admissions or any other papers comprising or referring to the Confidential Documents or testimony respecting the same with the Court, it shall, unless otherwise previously agreed to by counsel, either: (a) file a motion to impound pursuant to L.R. 7.2, which shall include a statement that the material should be impounded until further order of the Court if good cause for such a statement exists, and otherwise shall contain a date on which

the impoundment order may be lifted; or (b) give the other Party three days written notice of its

intent to file the materials other than under an order of impoundment, and if the other Party objects

to the filing, seek an order from the Court permitting the Confidential Documents or related

testimony to be filed other than under an order of impoundment.  The other Party shall cooperate in

an effort to obtain any necessary hearing(s) with respect thereto on an expedited basis.  No Party

shall file any documents subject to the motion, unless under an order of impoundment, until the

Court rules on the motion.

6.     Within 30 days after the termination of the Action (including all appeals), each

Party shall return all the Confidential Documents and all copies thereof to the producing Party, or

certify in writing to counsel for the producing Party that all Confidential Documents produced by

the other Party have been destroyed.

7.     Counsel for the Parties shall consult in good faith to resolve any dispute under this

Stipulation, including as to ways in which this Stipulation and Order may be modified as the lawsuit

progresses to the end that discovery in and trial of the action may be simplified and rendered less

cumbersome.  No application shall be made to the Court to resolve such a dispute until after counsel

have consulted with each other in good faith.  The parties may hereinafter jointly designate

additional documents as Confidential Documents hereunder.

8.     A separate stipulation shall be entered into with respect to the use of Confidential

Documents at trial.  The designation of any material as "Confidential" shall have no evidentiary

significance at the trial of this Action.  This stipulation is intended to promote the prompt,

expeditious and complete production of documents and testimony and such documents and

testimony shall be treated as confidential until and unless such designation is put in issue before the

Court by motion of any Party as set forth below.

9.     This Stipulation shall not prejudice the right of any Party to apply to the Court for

further protective orders as the Court may deem appropriate.

CHILDREN'S HOSPITAL CORP.              KINDERCARE LEARNING CENTERS, INC.

By its attorneys:                      By its attorneys:

/s/ Theodore J. Folkman                /s/ Robert P. Morris
John D. Hanify (BBO No. 219880)        Robert P. Joy (BBO No. 254820)
Theodore J. Folkman (BBO No. 647642)   Robert P. Morris (BBO No. 546052)
HANIFY & KING, P.C.                    MORGAN, BROWN & JOY, LLP
One Beacon Street                      One Boston Place
Boston, Mass. 02108                    Boston, Mass. 02108
(617) 423-0400                         (617) 523-6666

                                       BLUE CROSS BLUE SHIELD OF
                                       MASSACHUSETTS, INC. and REGENCE
                                       BLUE CROSS BLUE SHIELD OF OREGON

                                       By their attorneys:

                                       /s/Erica Templeton Spencer
                                       Russell Beck (BBO No. 561031)
                                       Erica Templeton Spencer (BBO No. 651967)
                                       FOLEY & LARDNER LLP
                                       111 Huntington Avenue
                                       Boston, Mass. 02199
                                       (617) 342-4000

Dated: February 4, 2005


       ENTERED AS AN ORDER OF COURT THIS ___ DAY OF FEBRUARY 2005.



                                       _____
                                       Sarris, P., J.

5