```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS
_____
CHILDREN'S HOSPITAL CORP.,     )
       Plaintiff               )
                               )
    v.                         )
                               ) Civ. A. No. 04-11676-PBS
KINDERCARE LEARNING CENTERS,   )
INC., BLUE CROSS BLUE SHIELD OF)
MASSACHUSETTS, INC., and REGENCE)
BLUE CROSS BLUE SHIELD OF OREGON,)
       Defendants              )
_____)
```

**MEMORANDUM AND ORDER**

March 3, 2005

Saris, U.S.D.J.

## I.   INTRODUCTION

Plaintiff Children's Hospital Corp. alleges that Defendants Blue Cross Blue Shield of Massachusetts, Inc., Regence Blue Cross Blue Shield of Oregon, and Kindercare Learning Centers, Inc. made multiple misrepresentations of coverage for treatment provided to a prematurely born infant with serious medical problems at a cost of more than $1.08 million.  Defendants allegedly represented to Children's Hospital that the baby was covered by her mother's employee health benefit plan when apparently the coverage did not exist.  When Defendants declined reimbursement, Children's Hospital filed a complaint in state court asserting common law theories of fraud (Count One), negligent misrepresentation (Count Two), promissory estoppel (Count Three), breach of contract under

1

the Hospital Services Agreement (Count Four), Account Annexed (Count Five) and a claim under Mass. Gen. L. Ann. ch. 93A (Count Six). Defendants removed to this Court.

Defendants move to dismiss on the ground that the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., preempts the claims, and assert that Children's Hospital has no remedy either under ERISA or state law. Defendant Regence Blue Cross Blue Shield of Oregon also argues for dismissal on the ground that this Court lacks personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Plaintiff seeks remand.

After hearing, the motion to remand is **ALLOWED**, and the motions to dismiss are **DENIED WITHOUT PREJUDICE**.

## II. FACTUAL BACKGROUND

The Complaint alleges the following facts. Jane Doe was an employee of Kindercare and a participant in its employee health benefits plan when she gave birth to Baby Girl D on August 19, 2003. Compl. ¶¶ 9, 11. Baby Girl D was born with serious medical problems and on August 20, 2003, was admitted to Children's Hospital in Boston, Massachusetts. Id. ¶ 11.

Kindercare sponsors an employee benefit plan "which provides employee participants with healthcare benefits for themselves and their dependents." Id. ¶ 5. Kindercare self-insures the cost of medical services, and Regence Blue Cross Blue Shield of Oregon

("Blue Cross Oregon") administers the plan and serves as Kindercare's agent. Id. ¶ 5. Blue Cross Blue Shield of Massachusetts ("Blue Cross Massachusetts") facilitates the provision of services to Massachusetts members of Blue Cross Oregon under a reciprocity agreement. Id. ¶ 6. Under its Hospital Services Agreement with Children's Hospital, Blue Cross Massachusetts promised to cover and reimburse the hospital for urgent medical care given to out-of-state members of other Blue Cross licensees. Id. ¶ 7. The Hospital Services Agreement provides that Blue Cross Massachusetts must use its best efforts "to limit all account retroactive Member disenrollment to thirty (30) days where possible." Id. ¶ 51.

On August 25, 2003, the Blue Cross Defendants informed Children's Hospital that Mrs. Doe's policy was active. Id. ¶ 12. From August 29 to December 15, Blue Cross Massachusetts or Blue Cross Oregon confirmed coverage numerous times. Id. ¶¶ 12-22.

On December 10, 2003, Mrs. Doe was informed by the plan administrator that she needed to pay an overdue premium in the amount of $1,478 by December 18 in order to maintain coverage after December 1. Id. ¶ 29. On December 17 and 18, 2003, the plan administrator informed Plaintiff that Mrs. Doe had yet to pay her premium and stated that the plan would cancel coverage of Baby Girl D retroactive to the beginning of her care with Plaintiff unless Kindercare received payment by check by the

3

close of business the same day, December 18.  Id. ¶¶ 30-31.  Such method of payment was impracticable, as Kindercare headquarters are in Oregon and Plaintiff is in Massachusetts.  Id. ¶ 32. Kindercare refused to accept payment via wire from Children's Hospital or via credit card from a friend of Mrs. Doe.  Id. ¶¶ 32-33.  Baby Girl D's coverage was subsequently cancelled retroactive to the beginning of her treatment on August 20.

### III.  DISCUSSION

The Complaint does not state explicitly any federal causes of action.  Under the well-pleaded complaint rule, "a defendant may not generally remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law" -- "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction."  Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2494 (2004) (holding that state law claims brought by beneficiaries and participants in ERISA-regulated employee benefit plans for failure to exercise ordinary care in handling coverage for medical treatments were completely preempted).  However, "[w]hen a federal statute wholly displaces the state-law cause of action through complete preemption, the state claim can be removed."  Id. at 2495 (citation omitted); see also In re Average Wholesale Price Litig., 309 F. Supp. 2d 165, 170-75 (D. Mass. 2004) (Saris, J.) (discussing complete preemption).

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), is one such statute:

> [T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) are removable to federal court.

Davila, 124 S. Ct at 2496 (citations omitted).

In Davila, the Supreme Court stated the test for complete preemption of claims under § 502 of ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

Id. at 2496 (citation omitted). The Supreme Court noted in Davila that a state cause of action falling within the scope of § 502 for complete preemption purposes also is conflict-preempted under § 514, for "a state cause of action that provides an alternative remedy to those provided by the ERISA civil enforcement mechanism conflicts with Congress' clear intent to make the ERISA mechanism exclusive." Id. at 2498 n.4. See also Barber v. Unum Life Ins. Co. of Am., 383 F.3d 134, 138-41 (3d

5

Cir. 2004) (holding a state statute preempted because it allowed an ERISA plan participant to recover for bad faith conduct by insurers, supplementing the scope of relief granted by ERISA).

Accordingly, under the Davila analysis, this case is removable only if (1) Children's Hospital could have brought any of its state-law claims under § 502, and (2) no other independent legal duty supports the claim(s).  See Pascack Valley Hosp., Inc. v. Local 464A VFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004) (holding that claim by hospital for breach of subscriber agreement between hospital and plan, which alleged that plan improperly calculated payments for services rendered to beneficiary, was not completely preempted by § 502).

The first question, then, under Davila's complete preemption test is whether Plaintiff is an "individual bring[ing] suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan," or "an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)."  Davila, 124 S. Ct at 2496.  Most courts have held that a hospital has standing to sue under § 502(a) as an assignee of a participant or beneficiary in order to claim plan benefits.  See Pascack, 388 F.3d at 400, n.7; City of Hope Nat'l Med. Ctr. v. Healthplus, Inc., 156 F.3d 223, 228-29 (1st Cir. 1998).  Thus, any state causes of action for benefits under

a plan brought by a provider as an assignee are completely preempted under ERISA.  Here, it is undisputed that Children's Hospital has an assignment from the baby's mother and could sue under § 502 of ERISA as an assignee.

Nonetheless, eschewing its right to bring its claim under § 502 as an assignee of benefits, Children's Hospital states that it only presses claims asserting violations of those legal duties that are independent of ERISA.  Children's Hospital claims that the Defendants breached a duty owed to it by intentionally or negligently misrepresenting the existence of coverage when there was none.  These claims could not have been asserted under § 502 of ERISA.  Most courts have held that "ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer or plan administrator for its misrepresentation regarding the existence of health care coverage."  Transitional Hosps. Corp v. Blue Cross & Blue Shield of Tex., Inc., 164 F.3d 952, 955 (5th Cir. 1999) (holding that misrepresentation of coverage claims were not preempted but other state causes of action to recover benefits owed under the plan to a plan participant who has assigned her rights to a hospital were preempted); see also In Home Health, Inc. v. Prudential Ins. Co. of Am., 101 F.3d 600, 604 (8th Cir. 1996) (pointing out that a majority of circuits have concluded that state law claims made by third party health

care providers or misrepresentations made by plan administrators are not preempted); Davis v. United Healthcare Ins. Co., 34 F. Supp. 2d 1044, 1046 (S.D. Miss. 1998) (holding that doctor's claim for damages sustained as a consequence of an erroneous representation by a plan administrator that a patient had insurance coverage for the procedure plaintiff proposed to perform was not preempted); Eugenia Hosp. v. Kim, 884 F. Supp. 1030 (E.D. Pa. 1994) (holding that hospital's claim to payment was not preempted because it arose when the hospital relied on representations by the ERISA plan as to the scope of coverage).

Plaintiff also contends that the Blue Cross Defendants breached the Hospital Services Agreement by failing to use their best efforts to ensure that Plaintiff would be paid for services rendered to Baby Girl D. more than thirty days prior to the date on which it was determined that Mrs. Doe was retroactively disenrolled from the Plan. This breach of contract claim by the third party provider does not involve the ERISA plan, but an independent contract between the two entities. See Baylor Univ. Med. Ctr. v. Epoch Group, L.C., 340 F. Supp. 2d 749, 759 (N.D. Tex. 2004) (holding that a state contract claim brought by a healthcare provider under intertwined contracts, including a subscriber services agreement, was not preempted); cf. Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) (holding that plaintiffs' claims under non-preempted individual contract

were not completely preempted even though plaintiff could have brought claims under collective bargaining agreement, which claims would have given the federal court removal jurisdiction).

Defendants assert that Plaintiff has engaged in artful pleading by attempting to disguise its ERISA claims as an assignee in state-law garb. Under complete preemption, courts must look past artful pleadings to determine whether a federal cause of action actually exists – "distinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA simply by relabeling their contract claims as claims for tortious breach of contract." Davila, 124 S. Ct at 2498. However, the fact that Children's Hospital could have sued as an assignee is not the test for complete preemption. As a master of its own complaint, Children's Hospital had the right to assert independent causes of action regardless of the assignment. See Caterpillar, 482 U.S. at 399; Baylor, 340 F. Supp. 2d at 759.

One claim deserves more discussion. Count Six is brought under Mass. Gen. Laws Ann. ch. 93A, §§ 2, 11, for Kindercare's and Blue Cross Oregon's failure to disclose Mrs. Doe's failure to pay premiums, representations that the hospital would be paid, and obstruction of Mrs. Doe's payments by asserting that Kindercare would not accept her form of payment. Compl. ¶ 62.

9

This third point is the rub because it appears to collaterally challenge the plan's decision not to provide benefits and the claim may affect the relationship between the participants and the principals.  However, the Hospital may press its own Chapter 93A claims for misrepresentations or actions directed toward it. To the extent that the Chapter 93A claim substantially implicates plan interpretation or the relationship between the plan administrator and the ERISA beneficiaries, it may well trigger the conflict preemption analysis under § 514(a), 29 U.S.C. § 1144(a).[1]  See Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 794 (1st Cir. 1995) (holding that plaintiffs' state negligent misrepresentation claims were preempted under § 514 where interpretation of plan was necessary part of damages claims); Charlton Mem'l Hosp. v. The Foxboro Co., 818 F. Supp. 456, 460-61 (D. Mass. 1993) (Bowler, M.J.) (finding Chapter 93A claim conflict preempted under § 514 because the alleged misrepresentation involved an alleged nonpayment of medical services rendered in accordance with the plan); Mayeux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 432-33 (5th Cir. 2004) (holding state law claims challenging the handling, review and disposition of a request for coverage made by doctor could not survive conflict preemption under § 514 of ERISA).  However,

---

[1] Congress provided that ERISA "[s]hall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of the title." 29 U.S.C. § 1144(a).

conflict preemption is a defense to a state claim and does not create subject matter jurisdiction.  See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4-5 (1st Cir. 1999).  Accordingly, this case must be remanded and the Court does not address any of the parties' remaining claims.

### **ORDER**

Plaintiff's Motion to Remand (Docket No. 2) is **ALLOWED**.  The motions to dismiss (Docket No. 18) are **DENIED WITHOUT PREJUDICE.**

**S/PATTI B. SARIS**
United States District Judge